IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:12-CV-1195-UA-JEP

| | | |
|---|---|---|
| BERNICE E. BENITEZ, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| vs. | ) | *Plaintiff's Memorandum in* |
| | ) | *Opposition to the Defendant* |
| | ) | *Maxim's Motion to Dismiss* |
| MAXIM HEALTHCARE SERVICES, | ) | |
| INC. et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## STATEMENT OF THE PERTINENT FACTS

The plaintiff commenced this action with the filing of a lawsuit on November 7, 2012. A summons to Defendant Maxim was issued on November 7, 2012. Defendant Maxim was served personally with the Summonses and the Complaint on or about December 4, 2012 by US Marshall at Defendant Maxim's Greensboro, North Carolina location. Thereafter, the Defendant Maxim filed a Motion to Dismiss based on lack of personal jurisdiction due to insufficient service of process on January 15, 2013. A new summons was issued to Defendant Maxim on February 28, 2013 and is filed contemporaneously herewith to be served upon Defendant's registered agent.

### I. THE COURT HAS PERSONAL JURISDICTION OVER MAXIM HEALTHCARE SERVICES, INC. SINCE SERVICE OF PROCESS AGAINST MAXIM HEALTHCARE SERVICES, INC. WAS SUFFICIENT

In Defendant's Motion to Dismiss, Defendant Maxim contends that this action should be dismissed since the summons and complaint were not served upon Defendant Maxim's registered agent or principal office. Plaintiff completed service upon Marissa Baxter, Personnel Coordinator at Maxim HealthCare Services, at Defendant Maxim's listed Greensboro, North

1

Carolina location. Plaintiff believed the aforementioned office location and employee of the Defendant Maxim to be the office of a managing agent of the Defendant Maxim. Defendant Maxim was in no way prejudiced by accepting service at the Greensboro, North Carolina office location.

Plaintiff retained the undersigned counsel for representation in the current action on February 26, 2013. A summons addressed to Defendant Maxim's registered agent has been filed contemporaneously with this current memorandum. In addition, Plaintiff will file a motion to amend the complaint including additional claims and thus necessitating a future summons to be addressed to Defendant Maxim's registered agent.

Pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, the court may dismiss a complaint *without prejudice* when a plaintiff is not diligent and fails to serve her complaint within 120 days after the action is filed. The plaintiff may show good cause for failing to serve the defendant within 120 days thereby circumventing a dismissal without prejudice. Here, the plaintiff simply contends that because Defendant Maxim was served by US Marshall at an office location listed by Defendant Maxim, where Plaintiff identified as the principal office during her employment with the Defendant Maxim. Plaintiff was advised that Defendant Maxim's principal office address is in Columbia, Maryland; however, as a pro se litigate she was not familiar with the process of determining Defendant Maxim's registered agent. Plaintiff has since retained counsel and filed a new summons. Thus, the plaintiff was diligent in her efforts to serve Defendant Maxim.

In *Henderson vs. United States*, 517 U.S. 654, 116 S.Ct. 1638 (1996), the Attorney General received the complaint 47 days after Henderson filed suit, and the United States Attorney was personally served 148 days after Henderson commenced the action by filing his

2

complaint with the court. On November 17, 1993, the United States moved to dismiss the action. In *Henderson*, the United States never maintained that it lacked notice of Henderson's complaint nor did the government assert any prejudice stemming from the delayed service of the summons and complaint. Notwithstanding, the appellate court dismissed the complaint. The Supreme Court overturned the appellate court opining that the primary function of service is to provide a defendant with notice of the pendency of a lawsuit, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections. Since that goal was accomplished, the case should not have been dismissed.

We believe *Henderson* is analogous to the present case. Here, Defendant Maxim has not been prejudiced by the delay in service to the Registered Agent nor by accepting service at the Greensboro office location, since no court action has been taken in this matter pertaining to scheduling and discovery has not commenced. Therefore, a dismissal without prejudice would serve no valid purpose.

## **CONCLUSION**

Based on the foregoing, the plaintiff contends that good cause exists for excusing the delay in completing service upon Defendant Maxim's registered agent and Defendant Maxim's Motion to Dismiss should be denied.

Respectfully submitted,

This the 28th day of February, 2013.

**GRAY NEWELL, LLP.**

      BY:   /s/ Angela Gray
                 Angela Gray
                 Gray Newell, LLP

4801 Glenwood Avenue, Suite 200
Raleigh, North Carolina 27612

Telephone: (919) 782-7777
Facsimile: (919) 869-1300
Email: angela@graynewell.com
*Attorney for Plaintiff*
NC State Bar #21006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLIINA
Civil Action No.: 1:12-CV-1195-UA-JEP

| | | |
|---|---|---|
| **BERNICE E. BENITEZ,** | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | <u>*Certificate of Service*</u> |
| | ) | |
| **MAXIM HEALTHCARE SERVICES,** | ) | |
| **INC. et al.,** | ) | |
| *Defendants*. | ) | |

I, Michael G. Newell, Attorney for the Plaintiff, do hereby certify that on February 28, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will provide notice to the following CM/ECF participant:

Michael D. McKnight, N.C. Bar No. 36932
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Michael.McKnight@ogletreedeakins.com

This the 28th day of February, 2013.

**GRAY NEWELL, LLP.**

BY: /s/ Angela Gray
Angela Gray
Gray Newell, LLP
4801 Glenwood Avenue, Suite 200
Raleigh, North Carolina 27612

Telephone: (919) 782-7777
Facsimile: (919) 869-1300
Email: angela@graynewell.com
*Attorney for Plaintiff*
NC State Bar #21006