IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BERNICE E. BENITEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:12CV1195 |
| | ) | |
| MAXIM HEALTHCARE SERVICES, | ) | |
| JERMAINE REED, MERESSA BAXTER, | ) | |
| WES NEWMAN, and KRISTIAN MESCOW[1], | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on a Motion to Dismiss [Doc. #20] filed by Defendant Maxim Healthcare Services ("Defendant Maxim"), a Joint Motion to Dismiss [Doc. #22] filed by Defendants Jermaine Reed, ("Defendant Reed"), Marissa Baxter ("Defendant Baxter"), and Wes Newman ("Defendant Newman"), and a Motion to Dismiss [Doc. #24] filed by Defendant Kristen Miskow ("Defendant Miskow"). For the reasons set forth below, the Court will grant each of the Motions to Dismiss and will dismiss this action with prejudice.

---

[1] Based on the information on the docket, the names of the third Defendant and the last Defendant listed in the caption are spelled "Meressa Baxter" and "Kristian Mescow," respectively. However, pursuant to the summonses issued to each Defendant, and pursuant to their respective Motions to Dismiss, [Doc. #22 & #24], the correct spellings of their respective names appear to be "Marissa Baxter" and "Kristen Miskow." As such, the Court will refer to these Defendants throughout this Memorandum Opinion and Order as Marissa Baxter and Kristen Miskow, where appropriate.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her Complaint, *pro se*[2], on November 7, 2012, alleging that she was discharged from her employment at Maxim Healthcare Services ("Maxim") on April 28, 2011, due to an alleged disability. Specifically, Plaintiff alleges that on December 14, 2009, the mother of the client for whom Plaintiff was providing nursing care moved from Burlington to Greensboro, thereby putting Plaintiff "out of work." (Compl. at p. 4.) Plaintiff further alleges that when the client "settled down again" Plaintiff was "called to work again" and was told to report to the Maxim office in Greensboro to get time sheets and directions to the client's new house. (Compl. at pp. 4-5.) Plaintiff alleges that when she arrived at the Maxim office on April 28, 2011, Defendant Newman, who Plaintiff identifies as a "recruiter," told Plaintiff that she could not work for Maxim any longer because she "had a mental problem and couldn't work with their clients." (Compl. at p. 6.) Following the conversation with Defendant Newman, Plaintiff alleges that she then spoke with Defendant Baxter, who Plaintiff identifies as a "supervisor," and that Defendant Baxter allegedly told Plaintiff that she "couldn't work any longer" and that if Plaintiff "wanted to change that decision," she needed to speak with "Kristian Miscow" [sic] of the Chatham County Department of Social Services. (Compl. at p. 6.) Plaintiff alleges that she then went to her car and called Defendant Miskow, but that Defendant Miskow "refused" to speak with Plaintiff. (Compl. at p. 6.)

---

[2] As discussed with regard to Defendant Maxim's Motion to Dismiss, Plaintiff retained counsel in this matter sometime in February of 2013. Such counsel has not moved on behalf of Plaintiff to amend the original Complaint. Therefore, the Complaint filed by Plaintiff, *pro se*, on November 7, 2012, remains the operative Complaint in this case.

After her call to Defendant Miskow, Plaintiff alleges that she "went back inside [the Maxim office] and asked for a paper showing [her] dismissal." (Compl. at p. 6.)  In response to this request, Plaintiff alleges that Defendant Reed, who Plaintiff identifies as an "account manager," presented her with a letter. (Compl. at p. 7.)  Plaintiff attached to her Complaint a letter dated April 28, 2011, and signed by Defendant Reed.  The letter states in relevant part as follows:

> Thank you for the time and interest you showed for the LPN position with Maxim Healthcare Services of Greensboro, NC ("Maxim").  After serious consideration of all the candidates who interviewed for the position, we have selected an individual whose skills, knowledge and experience more closely meet the needs of Maxim at this time.

(Compl. Attach. [Doc. #2-2].)  With regard to the alleged disability at issue in this case, Plaintiff alleges that although she had a "set back" in 2001, apparently related to some type of emotional issue, "doctors cleared [her] to return to work years later."  (Compl. at p. 7.)  Plaintiff further alleges that she "still [does not] know why things turned out the way they did" on April 28, 2011.  (Compl. at p. 7.)

Subsequent to filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"),[3] Plaintiff filed her Complaint in the present case against Defendants Maxim, Reed, Baxter, Newman, and Miskow.  The form Complaint filed by Plaintiff states that "[t]his action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination."  (Compl. ¶ 3.)  However, Plaintiff has made no allegations regarding

---

[3] As discussed in more detail below, the individual Defendants in this case, that is, Defendants Reed, Newman, Baxter, and Miskow, contend that Plaintiff failed to exhaust her administrative remedies by failing to name them in the EEOC charge of discrimination. Defendant Maxim does not raise a similar contention in its Motion to Dismiss.

discrimination based on race, religion, sex, or national origin, as required under Title VII. See 42 U.S.C. § 2000e, *et seq.* Rather, Plaintiff alleges only that she was subject to discrimination on the basis of an alleged disability. Therefore, the Court will construe Plaintiff's sole claim in this action as one brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and not as a claim brought pursuant to Title VII.

II. MOTION TO DISMISS BY DEFENDANT MAXIM

Defendant Maxim moves to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendant Maxim contends that Plaintiff failed to properly serve Defendant Maxim, thereby rendering the Court without personal jurisdiction over Defendant Maxim. In addition, Defendant Maxim contends that, even if the Court finds that Plaintiff complied with the service rules, Plaintiff has failed to state a claim upon which relief can be granted. As such, Defendant Maxim seeks dismissal with prejudice of Plaintiff's Complaint. The Court will address each of Defendant Maxim's contentions in turn.

    A. <u>Insufficient Process, Insufficient Service of Process, and Lack of Personal Jurisdiction</u>

On November 20, 2012, the Court entered an Order granting Plaintiff leave to proceed *in forma pauperis* in this lawsuit and directing Plaintiff to prepare and deliver to the Clerk a summons for each of the named Defendants for service by the United States Marshal. (Nov. 20, 2013 Ct. Order [Doc. #4].) On November 27, 2012, a summons was issued to be served on Defendant Maxim, addressed by Plaintiff as follows:

4

> Maxim Healthcare Services, Inc.
> 4411 West Market Street
> Greensboro, N.C. 27407

According to the Affidavit of Service [Doc. #9], Marissa Baxter, a named Defendant in this case, was served "on behalf of Maxim Healthcare Services" at the address listed above.

In its Motion to Dismiss, Defendant Maxim contends that process and service of process were insufficient under the relevant rules and, therefore, the Court lacks personal jurisdiction over Defendant Maxim. Specifically, Defendant Maxim contends that the summons, as issued, is defective on its face because Plaintiff failed to name any officer, director, or agent of Defendant Maxim. In addition, Defendant Maxim contends that it does not have any corporate office, officers, directors, or agents authorized to receive service of process on its behalf at the address listed in the summons. In that regard, Defendant Maxim contends that "Marissa Baxter is a personnel coordinator in Maxim's Greensboro office but is not an officer, director, general agent, or managing agent of Maxim, nor is she otherwise authorized by appointment or by law to receive service of process on behalf of Maxim." (Def. Maxim's Br. [Doc. #21], at 3.) As such, Defendant Maxim contends that Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5).

Under the Federal Rules of Civil Procedure, a plaintiff properly may serve a defendant pursuant to the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1) & (h)(1). North Carolina law provides in relevant part, that proper service may be made on a corporation as follows:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office

5

    of such officer, director, or managing agent with the person who is apparently in charge of the office.

  b.  By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(6). "North Carolina law requires that service of process statutes be strictly construed and followed, and a plaintiff who fails to comply with them, even where actual notice occurs, does not properly serve the defendant." Shaver v. Cooleemee Volunteer Fire Dep't, No. 1:07cv175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (citing Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 171 N.C. App. 322, 328, 614 S.E.2d 378, 382 (2005)). Moreover, the rules of procedure "apply equally to litigants proceeding with or without counsel." Id. "Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." Id. (internal citations and quotations omitted).

  Based on these principles, the Court finds that the process issued on November 27, 2012, and the service of that process on Defendant Maxim was insufficient because the summons was not directed or addressed to an officer, director, or agent of Defendant Maxim, as required by the rules noted above. See Adams v. GE Money Bank, No. 1:06cv227, 2007 WL 1847283, at *3 (M.D.N.C. June 25, 2007) ("Plaintiff did not properly serve Smith Debnam or GEMB. The summonses and complaints were not directed or addressed to any of the above-identified individuals as required by Rule 4(j) of the North Carolina Rules of Civil Procedure."). The Court notes, however, that on February 4, 2013, the Court granted Plaintiff's Motion

6

seeking an extension of time to file a response to Defendants' Motions to Dismiss and permission to issue a proper summons to an agent of Defendant Maxim. In granting Plaintiff's Motion, the Court ordered that "Plaintiff may prepare and deliver to the Clerk a new summons within twenty (20) days of the date of this Order, for service by the United States Marshal pursuant to the Court's prior Order [Doc. #4]." (Feb. 4, 2013 Ct. Order [Doc. #31], at 2.) Following the Court's February 4, 2013, Order, Plaintiff retained counsel. Through that counsel, Plaintiff filed a Response to Defendant Maxim's Motion to Dismiss and attached a summons addressed as follows:

> Maxim HealthCare Services
> Corporation Service Company
> 327 Hillsborough Street
> Raleigh, NC 27603

Although it appears that the new summons is addressed correctly to Defendant Maxim's registered agent, Corporation Service Company, there is no indication on the record that the summons and Complaint were actually served on the registered agent at any time. According to Plaintiff's Response, Plaintiff, through counsel, stated that "[a] new summons was issued to Defendant Maxim on February 28, 2013 and is filed contemporaneously herewith *to be served* upon Defendant's registered agent." (Pl.'s Resp. [Doc. #35], at 1) (emphasis added). Moreover, Plaintiff does not argue in her Response that she properly served Defendant Maxim at any time, but rather contends that because Defendant Maxim received notice of the present action, the Court should not dismiss Plaintiff's Complaint. However, as noted above, a plaintiff who fails to comply with the North Carolina service of process statutes does not properly serve the defendant, even where actual notice occurs. See Shaver, 2008 WL 942560, at *2. Therefore,

7

Case 1:12-cv-01195-JAB-JEP   Document 37   Filed 07/09/13   Page 7 of 15

given that the first summons issued and the initial service of process was insufficient under the relevant procedural rules, and given that Plaintiff has failed to remedy these matters after being provided the opportunity to do so by this Court, the Court finds that Plaintiff has not properly served Defendant Maxim in this case. As such, the Court concludes that it lacks personal jurisdiction over Defendant Maxim and will, therefore, grant Defendant Maxim's Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5). However, assuming, *arguendo*, that Plaintiff did properly serve Defendant Maxim with the re-issued summons, the Court will also address Defendant's contentions that Plaintiff has failed to state a claim upon which relief can be granted.

      B.     <u>Failure to State a Claim upon which Relief can be Granted</u>

Defendant Maxim contends that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). In reviewing a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must "'take the facts in the light most favorable to the [non-moving party],' but '[it] need not accept the legal conclusions drawn from the facts,' and '[it] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting <u>Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship</u>, 213 F.3d 175, 180 (4th Cir. 2000)). The Supreme Court, in <u>Ashcroft v. Iqbal</u>, noted that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929

8

(2007)). In this regard, the Iqbal Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," but Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 677-78, 678-79, 129 S. Ct. at 1949, 1950. Thus, dismissal of a complaint is proper where a plaintiff's factual allegations fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 683, 129 S. Ct. at 1952 (internal quotation omitted)).

In the present case, although Plaintiff, through counsel, responded to Defendant Maxim's contentions regarding service of process and personal jurisdiction under Rules 12(b)(2), 12(b)(4), and 12(b)(5), Plaintiff failed to respond in any way to Defendant Maxim's contentions regarding the merits of Plaintiff's ADA claim under Rule 12(b)(6). Under Local Rule 7.3(k), "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." L.R. 7.3(k). Therefore, because Plaintiff has failed to file any Response to Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), the Court could, in its discretion, grant Defendant Maxim's Motion to Dismiss pursuant to Rule 12(b)(6) without further discussion. However, as set forth below, the Court will undertake a review of this matter to determine whether Plaintiff has stated an ADA claim against Defendant Maxim in this case.

The ADA, 42 U.S.C. § 12101, *et seq.*, prohibits covered entities, including private

9

employers, from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In this case, Plaintiff alleges discrimination under the ADA based on wrongful discharge. To make out a prima facie case of discrimination, Plaintiff must show, as a threshold matter, that she has a disability within the meaning of the ADA. See Lyons v. Shinseki, 454 Fed. App'x 181, 182-83 (4th Cir. 2011). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

In the present case, Plaintiff has failed to sufficiently allege that she has a physical or mental impairment that substantially limits one or more major life activities. In fact, Plaintiff appears to *deny* that she has any such impairment. Specifically, Plaintiff alleges that she had some type of emotional "set back" in 2001, but further alleges that doctors cleared her to return to work at some time thereafter. In addition, Plaintiff alleges that she, in fact, performed work for Defendant Maxim in 2009. Moreover, even if Plaintiff's allegations are not construed as her denial of a qualifying impairment, Plaintiff fails to allege any facts regarding the specific nature of the alleged emotional "set back" or facts regarding how, if at all, such "set back" qualifies as an impairment that substantially limits a major life activity for Plaintiff. Therefore, Plaintiff has failed to sufficiently allege a "disability" under the first definition set forth in 42 U.S.C. § 12102(1). In addition, even though Plaintiff makes reference to a doctor's evaluation of her

alleged emotional "set back," because Plaintiff has not alleged facts regarding the nature of that alleged "set back" or its limiting effects, if any, on a major life activity, Plaintiff also has failed to sufficiently allege a record of a qualifying impairment under the second definition of "disability" in 42 U.S.C. § 12102(1).

In the alternative to proceeding under either of the first two definitions of "disability" under 42 U.S.C. § 12102(1), Plaintiff may be alleging that Defendant Maxim "regarded" her as having an impairment that substantially limits a major life activity and discriminated against her on that basis. For claims relying on the "regarded as" definition of "disability," the employer "must entertain a misperception: it must believe . . . that [an individual] has a substantially limiting impairment when, in fact, the impairment is not so limiting." Stukes v. Locke, No. RWT 12cv681, 2012 WL 5829066, at *3 (D. Md. Nov. 15, 2012) (internal quotations and citations omitted) (alterations in original)). "[T]he analysis 'focuses on the reactions and perceptions of the [employer's] decisionmakers' who worked with the plaintiff." Id. (quoting Wilson v. Phoenix Specialty Mfg. Co., Inc., 513 F.3d 378, 385 (4th Cir. 2008)) (alterations in original). In the present case, Plaintiff alleges that Defendant Newman told Plaintiff that she could no longer work for Defendant Maxim because she "had a mental problem and couldn't work with [Maxim's] clients." In addition, Plaintiff alleges that Defendant Baxter, in a separate conversation, thereafter referred Plaintiff to Defendant Miskow at the Chatham County Department of Social Services for more information. The Court finds that such allegations are insufficient to state a claim that Defendant Maxim regarded Plaintiff as having a "disability." In so finding, the Court notes that Plaintiff does not allege that Defendant Newman was a

11

decisionmaker for Defendant Maxim or that his statement that Plaintiff had a "mental problem" formed the actual basis for Plaintiff's alleged discharge. Furthermore, Plaintiff does not allege that Defendant Baxter made any reference to a "mental problem" when she referred Plaintiff to Defendant Miskow. However, even assuming that a decisionmaker at Maxim did perceive Plaintiff to have the unidentified "mental problem" referenced by Defendant Newman, Plaintiff does not allege that such "mental problem" was perceived to be a "disability" under the ADA, that is, an impairment that substantially limits a major life activity. Therefore, the Court concludes that Plaintiff has failed to sufficiently allege a disability under the third definition set forth in 42 U.S.C. § 12102(1). Moreover, the Court notes that in her Response to Defendant Maxim's Motion to Dismiss, Plaintiff, through counsel, represented to the Court that she intended to file a Motion seeking leave to amend her Complaint in several regards. However, Plaintiff has not filed any such Motion in this case. As such, the Court will grant Defendant Maxim's Motion and will dismiss Plaintiff's Complaint as to Defendant Maxim with prejudice.

III. JOINT MOTION TO DISMISS BY DEFENDANTS REED, BAXTER, AND NEWMAN, AND MOTION TO DISMISS BY DEFENDANT MISKOW

Defendants Reed, Baxter, and Newman, jointly, and Defendant Miskow, separately (collectively, "the Individual Defendants"), move to dismiss Plaintiff's Complaint in this case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the Individual Defendants first contend that Plaintiff failed to exhaust her administrative remedies by failing to name any of the Individual Defendants as respondents in her EEOC charge of discrimination. As such, the Individual Defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's ADA claim as against the Individual Defendants. In

addition, the Individual Defendants contend that the ADA does not provide for personal liability against individuals and, therefore, Plaintiff has failed to state a claim upon which relief can be granted against the Individual Defendants.

Plaintiff has failed to respond in any way to either the Joint Motion to Dismiss filed by Defendants Reed, Baxter and Newman, or the separate Motion to Dismiss filed by Defendant Miskow. As noted above, under Local Rule 7.3(k),"[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." L.R. 7.3(k). Therefore, because Plaintiff has failed to file any Response to the Individual Defendants' Motions to Dismiss, the Court could, in its discretion, grant the Individual Defendants' Motions without further discussion. However, as set forth below, the Court will undertake a review of this matter to determine whether Plaintiff has stated an ADA claim against the Individual Defendants.

With regard to the Individual Defendants' subject matter jurisdiction contentions, the Individual Defendants correctly note that the ADA requires exhaustion of administrative remedies prior to filing a Complaint. Syndor v. Fairfax Cnty., Va, 681 F.3d 591, 593 (4th Cir. 2012) ("Modeled after Title VII of the Civil Rights Act of 1964 . . . the ADA incorporates that statute's enforcement procedures . . . including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court.."). "The EEOC charge defines the scope of the plaintiff's right to institute a civil suit." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). In that regard, a plaintiff may

13

only file a Complaint against those defendants listed as respondents in the EEOC charge of discrimination. See Monroe v. Bellsouth Telecomm., Inc., No. 1:02CV591, 2003 WL 22037720, at *3 (M.D.N.C. 2003) (citing Causey v. Balong, 162 F.3d 795, 800 (4th Cir. 1994)). In the present case, Plaintiff listed only Defendant Maxim as a respondent in her EEOC charge of discrimination and did not list any of the Individual Defendants as respondents. Therefore, because Plaintiff has failed to exhaust her administrative remedies against the Individual Defendants, the Court lacks subject matter jurisdiction over the ADA claim asserted against the Individual Defendants in this case.

Moreover, even assuming, *arguendo*, that Plaintiff did exhaust her administrative remedies against the Individual Defendants, her ADA claim fails against the Individual Defendants under Rule 12(b)(6). The Fourth Circuit has held that the ADA "[does] not provide for causes of action against defendants in their individual capacities." Jones v. Sternheimer, 387 Fed. App'x 366, 368 (4th Cir. 2010); Baird ex rel. Baird v. Rose, 192 F.3d 462, 471 (4th Cir. 1999) ("[T]he ADA does not recognize a cause of action for discrimination by private individuals."). Therefore, Plaintiff may not bring claims against the Individual Defendants in this case pursuant to the ADA. As such, the Court will grant the Individual Defendants' Motions to Dismiss and will dismiss Plaintiff's Complaint with prejudice as to the Individual Defendants.

IV. CONCLUSION

Based on the foregoing, IT IS ORDERED that the Motion to Dismiss [Doc. #20] filed by Defendant Maxim Healthcare Services, Inc. is hereby GRANTED. IT IS FURTHER ORDERED that the Joint Motion to Dismiss [Doc. #22] filed by Defendants Jermaine Reed,

Marissa Baxter, and Wes Newman is hereby GRANTED. IT IS FURTHER ORDERED that the Motion to Dismiss [Doc. #24] filed by Defendant Kristen Miskow is hereby GRANTED. FINALLY, IT IS ORDERED that this action is DISMISSED WITH PREJUDICE against all Defendants. A Judgment will be filed contemporaneously herewith.

This, the 9th day of July, 2013.

*/s/ James A. Beaty*
United States District Judge